KOVALICZKY et v ISTVANIK et

Common Pleas Court, Mahoning Co

No 87734. Decided March 9, 1934

Daniel P. Conway, Youngstown, for plaintiffs.

John A. Willo, Youngstown, and W. P. Barnum, Youngstown, for defendants.

## OPINION

By MAIDEN, J.

Now it is fundamental that the plaintiff in an injunction case must bring himself within all legal requirements as respect to the right to the relief sought, that is to say, the burden is upon the plaintiff to establish a greater right, a higher right, than any claimed by the defendants. That is fundamental.

Now this church is an incorporated organization under the laws of Ohio and I find the third paragraph of the articles of incorporation provides as follows:

"Said corporation is formed for the purpose of providing a place of worship for its members and conducting the same according to the rites, customs, doctrines, rules and regulations of the Greek Catholic Church United with the Holy See of Rome; of promoting the cause of said Greek Catholic religion; of maintaining and conducting a parish school for children of said denomination; of receiving, holding and disbursing gifts, bequests and funds arising from other sources; of acquiring, holding and maintaining suitable real estate and buildings and the doing of all things necessary and incident thereto."

I come then to the first question, whether the evidence shows that the defendants are attempting to or contemplate attempting to divert the use of the corporation's property to a purpose other than as laid down in the third paragraph of the articles of incorporation above set forth. That brings me to a consideration of the rights and privileges of the members of the Greek Catholic Church United with the Holy See of Rome.

In my judgment, the Greek Catholic Church United with the Holy See of Rome as a church is not limited as respects the rights and privileges of its members to any particular part of Europe where it originated but that the members of this church, receiving the teachings and principles from their ancestors on back through the ages, have those rights and privileges, no matter where they may go upon the face of the earth.

I find the Compact of Ungvar to have been a duly entered into agreement as respect the bishops and priests returning to the Holy See on the one hand and the Holy See upon the other. Those conditions reserved in the Compact are fundamental laws of the Greek Catholic Church United with the Holy See of Rome and are a part of that church.

These people, upon coming to this country, brought with them the same rights, privileges and immunities as they and their ancestors enjoyed in Europe. The conditions reserved are, first:—that "we be allowed to keep the Greek rite; second, to have the bishop chosen by us and confirmed by the Apostolic See; third, to use freely the ecclesiastical immunities."

It is incumbent upon the plaintiff in this case to bring himself within any of those conditions that are the rights of the defendant corporation and its members. It does not appear that they have had an opportunity or have exercised the rights which they have as respects the bishop being chosen by them and other Greek Catholics

United with the Holy See of Rome and confirmed by the Apostolic See, but I pass that over as being immaterial in this situation.

It does appear that the members of this church have, as one of their ecclesiastical immunities, the right of Jus Patronatus as it has been referred to and the right to the approval of the priest sent to the parish.

All of these things are wrapped up in the words of the third paragraph of the articles of incorporation: "According to the rites, customs, doctrines, rules and regulations of the Greek Catholic Church United with the Holy See of Rome."

It therefore follows that I cannot find from the evidnce that the defendants are atempting a diversion of the property of this corporation from the purposes laid down in the articles of incorporation and it therefore follows that the prayer mus: be denied.

In my judgment this case is clearly distinguishable from **Bakos against Takach**, **32 Oh Ap at page 569** for in that case the evidence showed clearly an action and intention towards a secession from the chuuch and the establishment of an independent organization entirely distinct and a diversion of the corporate property.

The temporary restraining order is dissolved; final decree is entered for the defendants; exceptions noted, motion for new trial overruled; exception. Appeal bond fixed at $500. A journal entry may be drawn accordingly.